IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRAIG M. WEST,<br><br>          Plaintiff,<br>     vs.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER ON ADMINISTRATIVE APPEAL**<br><br>Case No. 2:06cv00650 DAK<br><br>Judge Dale A. Kimball |

     Plaintiff, Mr. Craig M. West, appeals the denial of his claims for Disability Insurance Benefits and Supplemental Security Income by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g).  For the reasons outlined below, the Commissioner's decision is REVERSED and REMANDED.

## I. STANDARD OF REVIEW

     The Commissioner's decision is reviewed to determine whether the factual findings are supported by substantial evidence and whether the relevant legal standards were correctly applied.  Daniels v. Apfel, 154 F.3d 1129 (10th Cir. 1998), citing Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a mere scintilla but less than preponderance.  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389 (1971).

## II. DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining disability. The five steps are: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment meets or equals the criteria for an impairment listed in Appendix 1 of 20 C.F.R. Subpt. P; (4) whether the impairment prevents the claimant from performing his past relevant work; and (5) whether the impairment prevents the claimant from performing other work. The burden is on the Plaintiff to meet the first four steps. However, if Plaintiff does meet all four, the burden shifts to the Commissioner to establish that there are other jobs existing in a significant number in the national economy which Plaintiff is capable of performing.

In the present case, the ALJ found at step one that the claimant had not engaged in substantial gainful activity since November 14, 2003. (Tr. 18). At step two, the ALJ found that the claimant had the following severe impairments: prostatitis (urethal stricture), anxiety-related disorders, asthma, and chronic obstructive pulmonary disease. Id. At step three, the ALJ found that the claimant did not have an impairment or combination of impairments which equaled a listing. Id. At step four, the ALJ found that the claimant had no past relevant work. Id. At step five, the ALJ found that the claimant could make a vocational adjustment to other work. Id.

The ALJ's findings at steps one, two, and three have not been disputed by Mr. West. Mr. West has disputed the ALJ's RFC determination at step four, the ALJ's conclusions at step five, and the Appeals Council's affirmation of such.

Mr. West specifically argues that three major errors where made by the Commissioner at these two steps of the sequential evaluation. As set forth below, I agree with Mr. West on all three points and that such errors warrant a reversal of the Commissioner's denial and remand for further proceedings.

**1.     The ALJ improperly rejected Mr. West's testimony.**

The ALJ found that Mr. West's testimony was not credible, and gave one reason for his finding.

While credibility determinations are peculiarly the province of the finder of fact or the ALJ, such findings "should be closely and affirmatively linked to substantial evidence…" Houston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988); see also Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Additionally, in Social Security Ruling 96-7p, entitled "Evaluation of symptoms in disability claims: assessing the credibility of an individual's impairments," the following is required:

> The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 97-6p (on the Internet at www.ssa.gov/OPHome/rulings).

Specifically in Mr. West's case, the ALJ stated that Mr. West's urethral stricture condition and need for frequent urination/bathroom breaks "was effectively treated with relatively minor surgery." (Tr. 23). This is not the case. The evidence of record establishes that Mr. West had had several surgeries (at least two to three) to remedy the urethral stricture, all of

3

which only provided very temporary relief. (Tr. 407). The ALJ was in error with respect to this one reason and therefore the credibility determination is flawed.

> 2. **The ALJ misapplies the medical vocational guidelines with respect to his assessment of Mr. West's residual functional capacity ("RFC").**

The ALJ has a duty to assess the claimant's RFC. "In fact, the RFC determination forms the crux of most of the ALJ's decisions regarding a claimant's ability to perform past relevant work." <u>Prince v. Sullivan</u>, 933 F.2d 598, (7th Cir. 1991). Social Security Ruling 82-62, requires that the ALJ make specific findings regarding a claimant's capacity to do past relevant work, including a finding about the claimant's residual functional capacity (RFC). SSR 82-62 "A Disability Claimant's Capacity To Do Past Relevant Work, in General" (on the web at [www.ssa.gov/OPHome/rulings](www.ssa.gov/OPHome/rulings)). As with all ALJ factual findings, the ALJ's RFC assessment must be supported by substantial evidence. <u>Prince</u>, at 598.

> In Mr. West's case, the ALJ held Mr. West's RFC to be as follows:
>
> during the relevant time period, the claimant had the residual functional capacity to perform a limited range of medium unskilled work, except that such work could not require:
>
> lifting more than 20-30 pounds at a time on an occasional basis,
>
> lifting or carrying lighter articles weighing more than 5-10 pounds, on a frequent basis;
>
> working in other than a clean, climate controlled environment due to asthma; and,
>
> working in an area without a restroom nearby for quick access (maximum restroom breaks),
>
> additionally, he must have the option to wear adult garments to avoid accidents on the way to the restroom.

(Tr. 19). The ALJ uses these findings to conclude that Mr. West could perform a limited range of medium unskilled work. However, in effect, the ALJ held that Mr. West was limited to "light work," but then avoided a finding of disability as directed by the Medical Vocation Guidelines by slightly upwardly modifying the weight lifting numbers.

With respect to light and medium work, 20 CFR § 404.1567 sets forth the physical exertion requirements of the two work categories as follows:

> (b) *Light work.* Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
>
> (c) *Medium work.* Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

The only differentiating exertional requirement between the light and medium work is the greater lifting requirement. The ALJ found that Mr. West could not lift more than 20-30 pounds occasionally and 5-10 pounds frequently, essentially mirroring the light work limitations. Instead of finding that Mr. West was limited to light work, the ALJ modified the numbers enough to classify him in the medium work category. This is an improper misapplication of the law.

Further, the 20-30 pound limitation cited by the ALJ is not supported by his questions to Mr. West at their May 17, 2005, hearing.  At the hearing, the ALJ questioned Mr. West regarding his lifting capacity in the following manner:

> Q What would be the problem with lifting a 20-pound package say at the Delta cargo desk, and then you pick it up, and you take it out to the car in the parking lot?
>
> A To - - don't know as there would be actually.  In 2003 there may not have been a problem doing that.
>
> Q So what would have been the maximum you could have lifted… 20 pounds?  30 pounds?
>
> A yeah, I - -
>
> Q 10 pounds?
>
> A 30 pounds might be pushing it.  I don't think I could do 30 pounds.

(Tr. 410).  In spite of this testimony, the ALJ found that Mr. West could lift 20-30 pounds.  Substantial evidence does not support this finding.  Substantial evidence can only lead to the conclusion that Mr. West cannot perform the basic requirements of medium work as defined by Social Security regulations.  As such, the Commissioner's denial of benefits is not supported by substantial evidence and this is a basis for remand.

  **3.** **The ALJ failed to meet his step five burden.**

The ALJ called a Vocational Expert ("VE") to testify at the hearing regarding claimant's ability to sustain competitive employment.  However, it was improper for the ALJ to rely on the testimony of the VE as such testimony was based on an incomplete hypothetical supplied by the ALJ.

"[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991), *quoting* Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir.1990).  The ALJ's hypothetical, which was based on an incomplete RFC finding, included an improper weight limitation for the VE to consider.  The first hypothetical given assumed "there are no limitations exertionally.  So it could be sedentary, light, medium, heavy, whatever." (Tr. 437).  This hypothetical was grossly inaccurate regarding Mr. West's physical limitations.

The second hypothetical included an asthma limitation, excluding polluted work environments, but the ALJ did not add or clarify any limitations. (Tr. 440).  This hypothetical also incorporated the improper weight limitations discussed previously.

Neither hypothetical referenced Mr. West's mental limitations, of which the ALJ was aware.  In the written decision, the ALJ acknowledged that Mr. West had been diagnosed with major depression, recurrent, moderate; mathematics disorder, and a GAF of 53. (Tr. 22).  Yet none of these specifics were factored into either hypothetical.  The ALJ further failed to include reference to Mr. West's severe anxiety.  The ALJ's hypotheticals were inadequate to properly describe the limitations of Mr. West.  Because the hypotheticals did not relate with precision to all of Mr. West's limitations, the ALJ could not rely on the VE's response in denying Mr. West's claim.  This was legal error and also serves as a basis for remand.

### III. CONCLUSION

Based upon the above analysis, IT IS HEREBY ORDERED that pursuant to sentence four of 42 USC § 405(g) the Commissioner's decision denying Mr. West's applications for Disability Insurance Benefits and Supplemental Security Income is REVERSED and REMANDED for further administrative proceedings.  IT IS FURTHER ORDERED that judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the United States Supreme Court's decision in Shalala v. Schaefer, 509 US 292, 296-302 (1993).

DATED this 1st day of August, 2007.

Judge Dale A. Kimball
United States District Court